[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS CT Page 7270
The issue before the court arises from the following facts. A deputy sheriff is given a writ summons and complaint to serve on the owner of a 24 hour diner. The sheriff has been in the diner previously to serve a subpoena on the owner. This date he finds upon entering that the owner is not there. The sheriff then asks the help "where is the owner?" They indicated he was not in the diner. The sheriff then advises the help — (the waitresses) — that he has papers to serve and asks "who is in charge?" No one replies orally but the junior waitresses look at the older waitress who says "I'm not going to sign anything." Upon being advised by the sheriff that she does not have to sign anything, only have to take the papers and give it to the employer, she takes the papers.
The waitress gave evidence that when the boss is out no one is in charge. She said she was not in charge. She claims she placed the papers she received from the sheriff with the employer's mail. Donna Donaldson, the waitress said she was a waitress in the diner for some 20 years, and at no time was he ever a person in charge of the diner that day and she never was authorized to accept papers on behalf of her employer from a sheriff. The only reason she took the papers she stated was because the sheriff said "somebody has to take the papers."
The defendant has filed a motion to dismiss on the basis that the waitress was not an authorized person to accept service of process.
The court finds that the waitress was not a person authorized to accept service and accordingly grants the motion to dismiss.
William J. McGrath, Judge